**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 95-10499**

---

**PATRICIA McGEHEE,**

**Plaintiff-Appellant,**

**VERSUS**

**SHIRLEY S. CHATER, COMMISSIONER**
**OF SOCIAL SECURITY,**

**Defendant-Appellee.**

---

Appeal from the United States District Court
For the Northern District of Texas

(3:94-CV-604-G)

---

March 21, 1996

Before BARKSDALE, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[1]

## BACKGROUND

Patricia McGehee filed an application for disability insurance benefits and supplemental security income alleging that she became disabled on December 2, 1990, due to both physical and mental impairments. The application was denied originally and upon reconsideration. Following a hearing held by an administrative law

---

[1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

judge (ALJ), the ALJ issued a decision, denying McGehee's disability claim. McGehee requested review by the Appeals Council, which decided there was no basis for changing the ALJ's decision. Thereafter, the ALJ's decision became the final decision of the Commissioner.

McGehee filed a timely complaint in the district court to set aside the Commissioner's decision. The Commissioner answered and moved for summary judgment. The magistrate judge issued a report and recommendation, recommending that the court grant the Commissioner's motion for summary judgment. McGehee timely objected to the magistrate judge's report. Following an independent review of the pleadings, files and records, the district court adopted the magistrate judge's report and granted the Commissioner's motion for summary judgment.

## OPINION

This Court reviews the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's decision and whether the Commissioner applied the proper legal standards. **Spellman v. Shalala**, 1 F.3d 357, 360 (5th Cir. 1993). Substantial evidence is that evidence which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. **Id**. In applying this standard, this Court may not reweigh the evidence or try the issues de novo, but must review the entire record to determine whether substantial evidence exists to support the Commissioner's findings. **Villa v. Sullivan**, 895 F.2d 1019, 1022 (5th Cir. 1990).

2

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A mental impairment "must be established by medical evidence consisting of signs, symptoms, and laboratory findings," it may not rest only upon the claimant's own statements of symptoms. 20 C.F.R. § 404.1508. Title 20 C.F.R. § 404.1520 sets out a 5-step sequential procedure for evaluating whether a disability exists. A disability exists when: (1) the claimant is not presently working; (2) the claimant's ability to work is significantly limited by a physical or mental impairment; (3) the claimant's impairment either meets an impairment listed in Appendix 1, the Listing of impairments (automatic finding), or (4) the claimant's impairments prevent return to past relevant work (evidentiary finding); and (5) the claimant cannot perform other work available in the national economy.

McGehee has suffered from insulin dependent diabetes mellitus (IDDM - Type 1) since she was nine months old. The ALJ found that, as a result of her diabetes, McGehee suffers from neuropathy affecting her feet, legs and hands. The ALJ found that, given her physical impairments, McGehee cannot perform any of her past relevant work as a cashier and that she retains only the physical residual function capacity to perform no greater than sedentary work. Because there are a significant number of cashier jobs in

3

the national economy which do not involve prolonged standing and walking, the ALJ determined that McGehee has transferable skills to other sedentary jobs. Accordingly, the ALJ found McGehee not disabled at step 5.

Regarding McGehee's alleged mental impairment, the ALJ stated "[t]here is some evidence that claimant has a mental impairment," but concluded that the evidence did not demonstrate a medically determinable impairment. Although McGehee was treated briefly with medication for depression in the period from June 1991 until August 1991, there is substantial evidence supporting the ALJ's conclusion that McGehee no longer requires psychiatric treatment, and is not functionally limited by her mental condition.

McGehee's limited period of psychiatric treatment in 1991 appears to have been caused by poor health, financial problems and marital discord. The ALJ concluded that evidence relating to that period demonstrated a situational depression. Thus, the ALJ relied primarily upon a more recent consultive psychiatric report prepared by Dr. Stewart-Smith in March 1992. Dr. Stewart-Smith reported that McGehee probably suffered from a minor depression, but that there was nothing psychiatrically wrong with McGehee that would interfere with her ability to take care of herself, work, or handle her personal finances. Dr. Stewart-Smith opined that McGehee would benefit from getting a job, but considered McGehee's prognosis for improvement poor because of McGehee's "commitment to being disabled."

McGehee's chief complaints to Dr. Stewart-Smith were that she was depressed, did not feel able to work and could not concentrate. Dr. Stewart-Smith noted that while McGehee reported that she was depressed, she said this with a smile on her face and showed no evidence of depression until she began talking about such depressing subjects as the death of her brother and grandmother. McGehee then became tearful and looked depressed. When asked about hallucinations, McGehee reportedly smiled and said that she hears her deceased grandmother's voice when she is alone. She also reported that she had considered overdosing on insulin, but did not believe that she would ever follow through. She had normal speech with appropriate thinking and she was oriented to time, place and person. Dr. Stewart-Smith rated McGehee's Global Assessment of Functioning at "70," which is defined as "some difficulty" in social and occupational function, but did not feel McGhee would have trouble working.

While there was other evidence and testimony upon which the ALJ could have relied to reach a different conclusion, we are satisfied that the evidence and testimony from Dr. Stewart-Smith constituted substantial evidence upon which the ALJ's determination of no medically determinable mental impairment (which was accepted by the Appeals Council and the Commissioner) can rest.

McGehee also cites as error the ALJ's failure to complete a Psychiatric Review Technique Form, as required by 20 C.F.R. § 404.1520a. Title 20 C.F.R. §404.1520a specifies a procedure for evaluating mental impairments. Part of that procedure requires the

completion of a standard document called the Psychiatric Review Technique Form (PRTF) at every adjudicatory stage.  There is no dispute that the ALJ failed to complete a PRTF in this case.

Procedural defects in the agency process are reversible error when the substantial rights of a party have been affected.  <u>Maya v. Bowen</u>, 837 F.2d 1362, 1364 (5th Cir. 1988).  The ALJ's decision is adequately supported by the record, and reflects due consideration of the various aspects of McGehee's mental condition.  Remand is unnecessary to correct the procedural impediment.

Accordingly, we **AFFIRM** the district court's grant of summary judgment in favor of the Commissioner.